UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIAN KEITH MOOLENAAR,

                Plaintiff,

     -against-

MELINDA I. KATZ, Queens County District
Attorney; JUDGE MARGOLIS, Queens
Supreme Court Criminal; KANELLA
GROTGOUPOULOUS, Queens County
Assistant District Attorney; VICTOR KNAPP,
Attorney; SCOTT BOOKSTEIN, Attorney;
ALAN M. PERRY, PhD., Queens Forensic
Psychiatric Evaluation Court Clinic; FIONA
RADCLIFF, Queens Forensic Psychiatric
Evaluation Court Clinic; and DANIEL F.
MARTUSCELLO, III, Commissioner,
Department of Corrections,[1]

              Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

24-CV-8636 (NRM) (TAM)

**NINA R. MORRISON**, United States District Judge:

      Plaintiff Brian Keith Moolenaar, who is currently detained on Rikers Island in the custody of the New York City Department of Correction, brought this *pro se* civil action on November 14, 2024 in the United States District Court for the Southern District of New York.  Compl., ECF No. 1.  Plaintiff filed an Amended Complaint on December 16, 2024, ECF No. 7, and paid the requisite filing fee to commence this action on December 17, 2024.  The complaint was transferred to this Court on December 18, 2024.  ECF No. 8.  Plaintiff subsequently filed additional exhibits and

---

[1] The Amended Complaint names only Katz, Margolis, and Grotgoupoulous.  It refers to an attachment for additional names, but the defendant list is not attached.

submissions.  *See* ECF No. 10, ECF No. 11, ECF No. 12, ECF No. 13, ECF No. 14, ECF No. 15, ECF No. 16, ECF No. 17, ECF No. 19.

As explained below, in light of the Court's initial review of Plaintiff's complaint and certain defects in his pleading, the Court will give Plaintiff leave to file a second amended complaint within 30 days of the date of this Order.

## BACKGROUND

Plaintiff is currently detained at Rikers Island.[2]  He was initially subject to criminal proceedings in Queens County under Indictment No. 70226-22 and Docket No. CR-001981-22QN.  ECF No. 1 at 4-5.  His initial Complaint challenged those criminal proceedings and alleged "direct evidence of judicial and attorney misconduct." *Id.* at 2.  Plaintiff asserted that the court proceedings have not properly considered his mental state, despite "declaring myself unfit by mental defect . . . ." *Id.* at 4.  The initial Complaint also included phrases that appear to have no relevance to Plaintiff's criminal case or a federal constitutional claim, including "lien notice status declared from secured party's propriety ownership" and "false diagnosis and a fraudulent claim upon the incorporated trust." *Id.* at 5.

The initial Complaint named the presiding Justice, the District Attorney and an Assistant District Attorney, two private attorneys, two psychiatric providers, and the Commissioner of the New York State Department of Correction and Community Supervision.  *Id.* at 1, 3, 7.  In the space to provide a request for relief, Plaintiff

---

[2] *See* New York City, Dept. of Corr., Person In Custody Lookup Service, *https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf* (last visited 6/30/2025).

mentioned a lien and "defaulted return of the proceeds removed from [his criminal docket]." *Id.* at 5. He also mentioned $84 million from the "BRIAN-KEITH: MOOLENAAR TRUST" and "$500,000.00 from the time of imprisonment." *Id.* The Complaint did not clearly state a claim for relief.

Plaintiff filed an Amended Complaint on December 16, 2024, in which he again names some of the individuals involved in the pending criminal proceeding, including the Queens County District Attorney, Melinda I. Katz; Assistant District Attorney Kanella Grotgoupoulous; and Judge Margolis, a Justice of the Queens County Criminal Court. ECF No. 7 at 1. However, the Amended Complaint's only factual allegations involve the loss of an electronic tablet when Plaintiff was forcibly removed from Rikers Island and transferred to Kirby Forensic Psychiatric Center on February 27, 2023. *Id.* at 3-4. The only relief sought in the Amended Complaint is that "an investigation be undertaken and to locate my tablet and return it and to also find out how my identity was used." *Id.* at 5.

In addition to these limited factual allegations, the Amended Complaint also includes multiple exhibits which suggest that Plaintiff still intends to pursue his challenge to his criminal prosecution. *Id.* at 9-57; ECF No. 7-1; ECF No. 7-2. The original indictment charged Plaintiff with attempted murder, assault, and criminal possession of a weapon. ECF No. 7-1 at 23-25. After the alleged victim died from his injuries, a superseding indictment charged Plaintiff with second-degree murder. *Id.* at 8, 19, 21. In an Affidavit captioned for Queens County Indictment No. 70226-22 and Indictment No. 72370-22 and Docket No. CR-001981-22QN in New York State

courts, Plaintiff claims that "Judge Gia Morris was presiding over a civil matter, not a criminal matter." ECF No. 7 at 52. The exhibits include references to a "BRIAN-KEITH: MOOLENAAR TRUST," "fraudulent conveyance" of $84 million in "a court registry," and purported financial instruments. ECF No. 7-2 at 10. Plaintiff provides no legal basis for overturning New York State's criminal legal system or for commercial litigation involving any financial instrument. A document addressed "To Clerk of the Court K22" requests dismissal of the criminal charges under New York Civil Procedure and Federal Civil Procedure; however, it is not clear to which court this document is addressed or under what procedural grounds. ECF No. 7-2 at 43-45.

The exhibits also include an Order of Commitment signed on November 20, 2023 by the Honorable Gia Morris following forensic psychological evaluations conducted by Defendants Alan M. Perry, Ph.D. and Fiona Radcliff, Ph.D. ECF No. 7-1 at 20, 22, 26. In an attached "Affidavit," Plaintiff asserts that he appeared before Judge Margolis on November 14, 2024, and was questioned about a court-ordered mental health evaluation. ECF No. 7-2 at 39. Plaintiff states: "I explained to the judge that I was not complying with the 730 evaluation because Dr. Perry and Dr. Radcliff are corrupt and they endangered my life while at Kirby by attempting to force me to use or take drugs over my objections." *Id.* at 39.

The exhibits identify Defendants Victor Knapp and Scott Bookstein as Plaintiff's defense attorneys but do not allege that these Defendants harmed Plaintiff in any way. ECF No. 7-2 at 40. The only reference to Defendant Daniel F.

4

Martuscello is a letter addressed to the Commissioner of the New York State Department of Corrections purporting to enclose a cease-and-desist order. ECF No. 7-1 at 38. No such order is included.

Six of Plaintiff's subsequent submissions comprise copies of documents from his state and federal dockets and purported financial instruments and do not assert any new claims. ECF No. 10, ECF No. 11, ECF No. 12, ECF No. 15, ECF No. 16, ECF No. 19. Among these, Plaintiff includes copies of a transcript from a January 22, 2025 appearance before Justice Ira H. Margulis in the New York Supreme Court, Queens County, under Indictment Numbers 72370-23 and 70226-22. ECF No. 15, ECF No. 16. In that proceeding, Justice Margulis found that Plaintiff was not fit to proceed to trial. ECF No. 15 at 47, ECF No. 16 at 47. Another submission includes additional claims about Plaintiff's transfers between Rikers Island and Kirby Psychiatric Center, psychiatric treatment, and competency determinations by the criminal court. ECF No. 14. Plaintiff states: "The Secured Party has demanded on various [occasions] to have his own psychiatrist of his own choosing to evaluate him. This request was always summarily denied without an explanation on the record." *Id.* at 8. Plaintiff has also submitted a document with an attached state petition for writ of habeas corpus. ECF No. 17. In that petition, Plaintiff stated that he is being unlawfully detained because the charges against him should have been dismissed following his release from involuntary commitment at Kirby. *Id.* at 13-14.

One submission raised a new issue. An "Affidavit" Plaintiff filed on February 12, 2025 claims that he was assaulted by another detainee named Wiggins on

February 2, 2025 and received medical treatment.  ECF No. 13 at 3-5.  Afterward, both Plaintiff and Wiggins were returned to the same dorm, which Plaintiff asserts violated the DOCS security protocols and "put [his] life in danger." *Id.* at 5.  He does not allege that any further harm occurred as a result.  Nonetheless, he requests that this decision be investigated and requests production of video footage and reports under New York's Freedom of Information Law.  *Id.* at 6.

The New York State Unified Court System currently only shows a single pending criminal proceeding against Plaintiff, Docket No. SMZ-71559-25/001 in Bronx Supreme Criminal Court. *See* *https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch*.

### STANDARD OF REVIEW

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ,;(2) a short and plain statement of the claim showing that the pleader is entitled to relief;

6

and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 requires that the complaint include factual information which states a possible claim to relief. It is not enough to say that the defendant harmed the plaintiff; the claim must include factual details that, if they are true, would show that the defendant broke the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (*per curium*) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C.

§ 1332.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A.  Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

The instant claims fail to conform with the requirements of Rule 8, because it is difficult to determine the nature of Plaintiff's legal claims and the relief he seeks. Reading his Complaint, Amended Complaint, and subsequent exhibits together and liberally construing them, it appears that Plaintiff is asking this Court to (1) intervene in his criminal proceedings in state court, (2) direct the return of a missing electronic tablet, (3) investigate why he was housed with an inmate who had previously assaulted him, and, possibly, (4) award him $84 million or perhaps $500,000 in damages related to vague financial claims. It is not clear which Defendants Plaintiff intends to proceed against on which claims, or how each individual is alleged to have harmed Plaintiff.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days leave to file a second amended complaint that conforms with Rule 8(a) of the Federal Rules of Civil Procedure.  In order to proceed with this lawsuit, Plaintiff is advised that he must clearly identify the individual defendants whom he believes violated his rights and include specific factual details about how each defendant violated his rights.  The submission must be captioned "Second Amended Complaint," and bear the same docket number as this order.  The second amended complaint will completely replace the prior pleadings.  Any relevant exhibits must be attached to the second amended complaint, even if Plaintiff has filed those documents previously.  Only the defendants and claims included in the second amended complaint will be considered.

## <u>CONCLUSION</u>

The complaint does not conform with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff may file a second amended complaint within 30 days from the date of this Order.  If Plaintiff fails to file a second amended complaint within the time allowed or fails to request an extension of time to do so, this action will be subject to dismissal without further notice.

Although Plaintiff paid the filing fee in this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:    June 30, 2025
          Brooklyn, New York