UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRIAN KEITH MOOLENAAR,

               Plaintiff,                       **MEMORANDUM & ORDER**

    -against-                                  24-CV-8636 (NRM) (TAM)

MELINDA I. KATZ, Queens County District Attorney; JUDGE MARGULIS, Queens Supreme Court Criminal; KANELLA GEORGOPOULOS, Queens County Assistant District Attorney; VICTOR KNAPP, Attorney; SCOTT BOOKSTEIN, Attorney; ALAN M. PERRY, PhD., Queens Forensic Psychiatric Evaluation Court Clinic; FIONA RADCLIFF, Queens Forensic Psychiatric Evaluation Court Clinic; LYNELLE MAGINLEY-LIDDIE, Commissioner, N.Y.C. Dept. of Corr.; MICHAEL FOX, Attorney, and SARAH DAVICA, Attorney,

               Defendants.
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

      Plaintiff Brian Keith Moolenaar brought this *pro se* civil action on November 14, 2024 in the United States District Court for the Southern District of New York and subsequently filed an Amended Complaint on December 16, 2024. ECF No. 1 and ECF No. 7. He paid the filing fee. The complaint was transferred to this Court on December 18, 2024. ECF No. 8. On June 30, 2025, the Court granted Plaintiff leave to file a second amended complaint that conformed with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 21. Plaintiff has submitted multiple additional filings, including a letter with multiple exhibits, ECF No. 22; a "Second Amended

1

Complaint" containing an Affidavit and exhibits, ECF No. 26; a second copy of the Affidavit including additional exhibits, ECF No. 28; and a "Second Amended Complaint Continued," ECF No. 29. For the reasons that follow, Defendants Melinda I. Katz, Ira H. Margulis, and Kanella Georgopoulos are dismissed from this action.

## BACKGROUND

The following summary of Plaintiff's factual allegations and the relevant procedural history is gleaned from Plaintiff's allegations in his Second Amended Complaint (ECF No. 26) and exhibits and documents he submitted in his supplemental filings up to and including his latest filing on August 12, 2025.[1]

---

[1] On July 12, 2025, Plaintiff had his Second Amended Complaint notarized, and the Second Amended Complaint was filed in the Court's Clerk's Office on July 31, 2025. Second Amend. Compl., ECF No. 26, at 1, 8. On August 1, 2025, the Court entered a docket order accepting the late filing of the Second Amended Complaint (ECF No. 26) due to circumstances Plaintiff outlined in a letter he previously filed on July 30, 2025. ECF No. 25. The Court's Order was mailed to the address on file for Plaintiff at Riker's Island. Plaintiff then filed a Motion for Extension of Time to file his Second Amended Complaint on August 5, 2025 (ECF No. 27), another filing titled "Second Amended Complaint" on August 5, 2025 (ECF No. 28), and a third filing titled "Second Amended Complaint Continued" on August 12, 2025 (ECF No. 29). In those subsequent filings, Plaintiff alleges he was transferred from Rikers Island to Kirby Forensic Psychiatric Center on July 14, 2025, *see* ECF No. 29 at 2–4, which suggests Plaintiff may not have received the Court's August 1, 2025 Order that was mailed to his Rikers Island address. Considering these circumstances, the Court accepts Plaintiff's Second Amended Complaint filed on July 31, 2025 (ECF No. 26) as the operative complaint and further exercises its discretion to consider, as incorporated by reference into the Second Amended Complaint, the documents in his subsequently filed documents dated August 5, 2025 (ECF No. 28) and August 12, 2025 (ECF No. 29).

Plaintiff was initially subject to criminal proceedings in Queens County under Indictment Number 124/2022 and Docket No. 70226-22. ECF No. 22 at 86–88.[2] A superseding indictment dated June 30, 2023, under Indictment No. 1234/2023 and Docket No. 72370-23, charged Plaintiff with second-degree murder. ECF No. 22 at 66, 68.

Plaintiff was subject to a court-ordered psychiatric evaluation pursuant to New York's Criminal Procedure Law Article 730 and was examined by Defendants Alan M. Perry and Fiona Radcliff on October 19, 2023. ECF No. 22 at 73. On November 20, 2023, the Honorable Gia Morris entered Orders of Commitment, under Queens County Docket No. 70226-22 and Docket No. 72370-23. ECF No. 22 at 67, 69. Plaintiff attaches a copy of a State of New York Office of Mental Health Form 496 notifying him that he would be examined by a Dr. Frischer on April 8, 2024. ECF No. 26 at 9. Plaintiff claims that on April 8, 2024 and/or April 29, 2024 Dr. Dabo, Dr. Nessles, and Dr. Frischer at Kirby Forensic Psychiatric Center found him fit to proceed. ECF No. 26 at 2; ECF No. 29 at 6. He also claims that the criminal charges were dismissed on May 8, 2024. ECF No. 26 at 2. He does not provide any documentary evidence to indicate that he was ever found competent to proceed nor that the criminal charges were dismissed. He states that Defendant Justice Ira H. Margulis continued to have him produced at court and that the Queens County District Attorney, Melinda Katz, and an Assistant District Attorney, Kanalla

---

[2] All pincites refer to the pagination generated by the Official Court Electronic Document Filing System (CM/ECF).

Georgopoulos, whom he also names as Defendants, "continued to prosecute a case that clearly did not exist." *Id.* at 3.

At a hearing on January 22, 2025 under Docket Numbers 72370-23 and 70226-22, ECF No. 26 at 11–12, Justice Margulis noted that Plaintiff had refused to be further evaluated, and thus the doctors were unable to render an opinion. *Id.* at 12–13. The judge stated: "Based on the defendant's statements here . . . I'm finding the defendant not fit and I'm returning him to the mental health . . . ." *Id.* at 19. Plaintiff attaches copies of an Order of Commitment pursuant to C.P.L. § 730.50 adjudicating him an incapacitated person and committing him to the Office of Mental Health for a period not to exceed one year. ECF No. 28 at 10–11; ECF No. 29 at 13–14. The Order is dated January 22, 2025 and signed by Justice Margulis. *Id.* Plaintiff maintains, however, that Judge Margulis's "finding is void . . . because he is not qualified to make such a determination." ECF No. 22 at 6, 34–35.

Plaintiff states that he appeared by video conference on June 25, 2025 for a hearing conducted by the Bronx Supreme Criminal Court. ECF No. 26 at 4. He attaches a partial printout of Case Information for Case No. SMZ-71559-25/001 in Bronx Supreme Criminal Court. *Id.* at 10. He states that Defendants Michael Fox, an attorney for the Department of Correction, and Sarah DaVica, from the Legal Aid Society, both stated that a commitment order was in the file or available to them. *Id.* at 4–5. Plaintiff asserts: "No such committment [s*ic*] order exist[s] because I was not evaluated by any psychiatrist since having my charges dismissed May 8th, 2024." *Id.*

4

at 5.  However, Plaintiff did provide this Court with a copy of the January 22, 2025 commitment order.  ECF No. 28 at 10–11; ECF No. 29 at 13–14.

Plaintiff also names his criminal defense attorneys, Victor Knapp and Scott Bookstein, as Defendants in this action.  He claims that they were aware that his "case was dismissed on May 8th, 2024," but did not object to Plaintiff "being unlawfully detained."  ECF No. 29 at 8.

On July 14, 2025, Plaintiff was transferred from Rikers Island to Kirby Forensic Psychiatric Center.  ECF No. 29 at 2–4.  Plaintiff states his "inference" that the discharge order was authorized by Defendant Lynelle Maginley-Liddie, the Commissioner of the New York City Department of Correction.  *Id.* at 4.  Plaintiff claims that he does not have access to "habeas corpus meetings," a law library, or the yard at Kirby.  *Id.* at 7.

Plaintiff seeks damages in the amount of $250,000 for each day of his confinement, stating both that the damages should begin running from May 8, 2024, ECF No. 29 at 8, and that they should begin running from July 14, 2025. *Id.* at 10.

The Court has consulted the database for the New York State Unified Court System, which indicates that, as of this date, there continue to be three pending criminal cases in which Plaintiff is charged as a defendant.  Queens Supreme Criminal Court, IND-70226-22/001 includes the charge for attempted murder.  Queens Supreme Criminal Court IND-72370-23/001 includes the murder charge.  A separate case in Bronx Supreme Criminal Court, SMZ-71559-25/001, is identified as a miscellaneous writ.  New York State Unified Court System, eCourts: WebCriminal

5

Defendant Search, https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited Aug. 20, 2025).

## **STANDARD OF REVIEW**

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are

6

immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (*per curium*) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

Judges have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester*

*v. White*, 484 U.S. 219, 225 (1988).  The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (internal quotation marks omitted).  This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.*, at 11–12; *see also Tota v. Ward*, No. 07-CV-26S, 2008 WL 619163, at *3 (W.D.N.Y. Mar. 3, 2008) (finding that judge presiding over criminal case was entitled to judicial immunity because he did not act in the clear absence of all jurisdiction in issuing order of commitment, even if commitment order was issued in error).  In this case, Plaintiff has named Justice Margulis as a defendant, but Plaintiff has not alleged that the judicial officer(s) presiding over his criminal prosecution took any nonjudicial actions or acted outside of the judicial officer's jurisdiction.  Accordingly, Justice Margulis is dismissed as a defendant pursuant to 28 U.S.C. § 1915A(b).

Likewise, "[i]t is . . . well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks omitted).  "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995) (internal

8

quotation marks omitted) (alteration in original). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *Shmueli*, 424 F.3d at 237. In this case, Plaintiff names the Queens County District Attorney and an Assistant District Attorney as defendants, but he does not allege that they acted outside their role in prosecuting the criminal case. Accordingly, Melinda I. Katz and Kanella Georgopoulos are dismissed as defendants pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

For the reasons set forth above, Plaintiff's claims against Defendants Katz, Margulis, and Georgopoulos are dismissed pursuant to 28 U.S.C. § 1915A(b). Plaintiff's claims against the remaining defendants may proceed at this time. However, Plaintiff has not provided service addresses for these individuals. Rule 4 of the Federal Rules of Civil Procedure provides procedures for service of process. It is Plaintiff's responsibility to serve the summonses and the Second Amended Complaint (ECF No. 26) on the Defendants. Accordingly, if he wishes to proceed against Defendants Victor Knapp, Scott Bookstein, Alan M. Perry, Fiona Radcliff, Lynelle Maginley-Liddie, Michael Fox, and Sarah Davica, Plaintiff must provide service addresses to the Court. Once the addresses are received, the Clerk of Court is respectfully requested to issue summons against these Defendants, and the Court will extend Plaintiff's time to effect service of the summons and complaint on the Defendants and file with the Court proof of service of the Amended Complaint and Summons.

9

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of Plaintiff's current address means the Court will not know where to contact Plaintiff and may result in dismissal of the case.

Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:   August 20, 2025
         Brooklyn, New York

10